IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| T.L., by and through her father and next friend, SHAUN LOWRY; G.L., by and through his father and next friend SHAUN LOWRY; SHAUN LOWRY, an individual; and ASHLEY LARSON, an individual, | No. 03:13-cv-01562-HZ |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| SHERWOOD CHARTER SCHOOL, an Oregon public charter school, and SHERWOOD CHARTER SCHOOL BOARD, | |
| Defendants. | |

Kevin C. Brague
KIVEL AND HOWARD, LLP
111 S.W. Fifth Avenue, Suite 1775
Portland, Oregon 97204

    Attorney for Plaintiffs

/ / /

1 - OPINION & ORDER

Steven A. Kraemer
Mark C. Sherman
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205

      Attorneys for Defendants

HERNANDEZ, District Judge:

      In a December 18, 2014 Opinion, I granted Defendants' motion for summary judgment. Judgment in favor of Sherwood Charter School and the Sherwood Charter School Board and against Plaintiffs T.L., G.L., Shaun Lowry, and Ashley Larson was entered that day. Defendants now seek costs in the amount of $7,712.70.[1] I grant the motion in part and award Defendants $7,690.15 in costs.

## STANDARDS

      Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion . . . [and] explain why a case is not ordinary." Id. at 594 (internal quotation marks omitted). To rebut the presumption, the court may consider "the losing party's limited financial resources, misconduct on the part of the prevailing party, the importance of the issues, the importance and complexity of the issues, the merit of the plaintiff's case, . . . and the chilling

---

[1] Defendants initially sought $8,447.70 but subtracted $735 in their Reply Memorandum because the Bill of Costs inadvertently included rough draft costs for two depositions. The revised amount is $7,712.70.

2 - OPINION & ORDER

effect on future civil rights litigants of imposing high costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted). Id. The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden–the losing party–are not sufficiently persuasive to overcome the presumption." Id. at 946.

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821[.]" Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1) - (6). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013); see also Arboireau v. Adidas Salomon AG, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002) (trial judge has "wide discretion" in awarding costs under Rule 54(d)(1)).

DISCUSSION

I. Costs Generally

Plaintiffs argue that Defendants' Bill of Costs should be denied in its entirety. Plaintiffs contend that their case was of substantial public importance, there is significant economic

3 - OPINION & ORDER

disparity between Plaintiffs and Defendants, the case was close and difficult, the case had merit, and awarding costs to Defendants will have a chilling effect on Oregonians who are similarly harmed or retaliated against by school administrators.

Plaintiffs' case was obviously important to them. But, unlike the claims in <u>Association of Mexican-American Educators</u>, this case had no implications beyond the named parties. It did not, for example, have state-wide impact for all public schools or public charter schools. Plaintiffs provide no evidentiary support for their assertion that there is significant economic disparity between the parties in this case and there is no evidence in the existing record suggesting that Plaintiffs cannot afford costs. Contrary to Plaintiffs' assertion, several claims had no merit[2] and, as seen in the December 18, 2014 Opinion, only one claim, the Title IX retaliation claim, was close. Dec. 18, 2014 Op. & Ord. [ECF 63]. Finally, given that the claims and issues were limited to the named parties and involved specific and particular facts related solely to those parties, I reject Plaintiffs' suggestion that awarding costs to Defendants will have a chilling effect on similarly situated Oregonians. Plaintiffs provide no basis for distinguishing this case from an "ordinary" case for which costs are properly allowed. <u>Ass'n. of Mexican-Am. Educators</u>, 231 F.3d at 593 ("Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case").

II. Specific Objections

    A. Filing Fee - 28 U.S.C. § 1920(1)

Defendants seek $400 for this Court's filing fee. Plaintiffs object, contending that

---

[2] For example, in response to Defendants' motion to dismiss, Plaintiffs withdrew Larson's 42 U.S.C. § 1983 and negligence claims. <u>See</u> Mar. 6, 2014 Op. & Ord. [ECF 31]. Furthermore, I granted that motion as to several other claims because they had no merit. <u>Id</u>.

because Defendants voluntarily removed the case to this Court from Washington County Circuit Court, Plaintiffs should not be taxed for this fee. In a 2011 case, Judge Acosta rejected the plaintiff's argument that the filing fee should be denied because the prevailing defendants removed the case from state court. Hunt v. City of Portland, No. CV 08-802-AC, 2011 WL 3555772, at *6 (D. Or. Aug. 11, 2011). He noted that the plaintiff's "initial complaint included claims based on federal law, and she certainly knew those claims created federal jurisdiction and that defendants were very likely to remove her case to federal court for that reason." Id.; see also Hollowell v. Kaiser Found. Health Plan of the Nw., No. 03:12-cv-02128-AC, 2014 WL 6750325, at *2 (D. Or. Oct. 30, 2014) (Judge Acosta awarded filing fee to removing defendant), adopted by J. Simon (D. Or. Dec. 1, 2014). Other judges in this district have reached the same conclusion. Frederickson v. Starbucks Corp., No. 03:13-cv-00029-HU, 2014 WL 4724820, at *1 (D. Or. Aug. 7, 2014) (Judge Hubel concluded that the filing fee paid by the removing defendant was properly taxed under section 1920(1)), adopted by J. Marsh (D. Or. Sept. 23, 2014).

I agree with Judge Acosta and find no reason not to award the filing fee to Defendants.

B. Transcript and Court Reporter Fees - 28 U.S.C. § 1920(2)

After subtracting the inadvertently included $735[3] in costs for rough drafts of Lowry's and Larson's depositions, Defendants seek $5,549.55 in deposition-related costs. Plaintiffs first appear to oppose all deposition-related costs because the case did not proceed to trial. While it is accurate to state that "disallowance for expenses of depositions not used at trial is within the

---

[3] In their objections to the rough transcript costs, Plaintiffs misinterpret the court reporter invoices and thus, Defendants are correct that the rough transcript costs total $735. Ex. 5 to Sherman Cost Bill Decl. (showing Lowry rough draft cost as $312.50); Ex. 6 to Sherman Cost Bill Decl. (showing Larson rough draft cost as $422.50).

district court's discretion[,]" Nance v. May Trucking Co., No. 3:12-CV-01655-HZ, 2014 WL 6633111, at *9 (D. Or. Nov. 21, 2014), it is equally true that a "deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Id. (internal quotation marks omitted). "The presence of a reference to the deposition in the record is not a prerequisite to a determination that it was necessarily obtained." Id.

Defendants' counsel states that all of the depositions taken by Defendants as well as all of the deposition transcripts Defendants obtained were used to evaluate Plaintiffs' claims. Sherman Cost Bill Decl. at ¶ 6. Most of them were used extensively in supporting Defendants' summary judgment motion. Id. Nance, the case relied on by Plaintiffs, is easily distinguishable. There, the plaintiff had ordered deposition transcripts for use in all the claims, but only one claim had proceeded to trial. Nance, 2014 WL 6633111, at *9. In those circumstances, I concluded that the plaintiff was entitled to only a portion of the deposition cost. Id.

Here, in contrast, all of the claims that survived the motion to dismiss were adjudicated in the summary judgment motion. All of the depositions with one exception were used by either Defendants or Plaintiffs to support or oppose the motion. There is no basis for disallowing the deposition costs because the case did not proceed to trial. They were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Next, Plaintiffs raise a concern that the three depositions that Defendants themselves did not rely on in their summary judgment motion or reply (Todd Christensen, Renee Simas, Volume II, and Melissa Kaufman), were not necessarily obtained for use in the case. Defendants' counsel

6 - OPINION & ORDER

states that all depositions were used to evaluate Plaintiffs' claims. Sherman Cost Bill Decl. at ¶ 6. Further, these three depositions were reviewed for purposes of preparing the summary judgment motion and reply. Sherman Reply Decl. at ¶ 5 (further noting that Plaintiffs' Response to the motion relied on excerpts from the Kaufman and Simas depositions). With the exception of the Todd Christensen deposition, I agree with Defendants that copies of these depositions were reasonably necessary to obtain. Plaintiffs' reliance on the Simas and Kaufman depositions is enough to establish that Defendants were justified in ordering those transcripts. However, without a more detailed explanation of Todd Christensen's relationship to the case and why Defendants believed that ordering his deposition was necessary, Defendants' general statement that his deposition was reviewed in preparing for summary judgment litigation does not demonstrate the necessity of ordering the transcript of that deposition. Thus, I deduct $22.55 for the cost of the Todd Christensen deposition transcript.

Additionally, Plaintiffs object to the deposition costs of Jan Smith, Jenelle Christensen, Cindy Liljegren, Liz Vohland, and Kimberly Young because these witnesses and their transcripts were not necessarily obtained by Defendants for use in the case. Plaintiffs offer no explanation, however, for why they believe these deposition costs were not necessary. Defendants relied on Smith's, Jenelle Christensen's, and Liljegren's depositions in support of their initial summary judgment motion. Exs. 2, 6, 9 to Sherman Summ. J. Decl. [ECF 48]. They relied on Vohland's and Young's depositions in their reply to Plaintiffs' response. Exs. D, E to Sherman Summ. J. Reply Decl. [ECF 60]. Given their use in the summary judgment briefing, these depositions were necessarily obtained for use in the case.

Defendants are awarded $5,527 in deposition costs.

C. Copying Costs - 28 U.S.C. § 1920(4)

Defendants seek $1,743.15 for copying costs. Defendants' counsel states that these costs were for materials necessarily obtained to investigate and defend the case and produced to Plaintiffs. Sherman Cost Bill Decl. at ¶ 7. He notes that the requested costs include those for copies of documents requested by Plaintiffs in discovery, for copies of documents used as exhibits to depositions and the summary judgment motion and reply, and for court copies of pleadings, motions, and memoranda. Id. He states that over 2,000 pages of documents were copied and produced to Plaintiffs between May 2013 and September 2014. Id. at ¶ 8. None of the requested costs are for in-house copying expenses for Defendants' counsel's personal use. Id.

Section 1920(4) allows photocopy costs for discovery, exhibits and documents submitted to the court in support of a motion, and the court's copies of pleadings, motions, and memoranda. E.g., Key Bank Nat'l Ass'n v. Van Noy, 598 F. Supp. 2d 1160, 1168 (D. Or. 2009); see also Teicher v. Regence Health & Life Ins. Co., No. 06-CV-1821-BR, 2008 WL 5071679, at *11 (D. Or. Nov. 24, 2008) (although section 1920(4) "does not contemplate an award of costs incurred for in-house copying expenses[,]" "[p]hotocopying charges attributable to discovery and the court's copies of pleading, motions and memoranda are 'reasonably necessary for use in the case' and can be awarded.") (internal quotation marks omitted).

Plaintiffs make several unfounded objections to the copy cost request. First, Plaintiffs object to the costs for "pleadings" which Plaintiffs state are $360. It is unclear how Plaintiffs arrived at this amount and they provide no explanation or reference to Exhibit 12 to Sherman's Cost Bill Declaration which details the requested copying costs. Plaintiffs' lack of clarity is immaterial however, because costs for copies of pleadings are allowable.

8 - OPINION & ORDER

Next, Plaintiffs object to what they characterize as copying charges of $0.67 per page when Defendants used an outside vendor.  Plaintiffs provide no evidence in support of their $0.67 per page copy charge.  Exhibit 12 shows that Defendants frequently used "Smart Legal" to handle large copying jobs.  Ex. 12 to Sherman Cost Bill Decl.; Sherman Cost Bill Reply Decl. at ¶ 9.  The cost per page was $0.15.  Ex. 12 to Sherman Cost Bill Decl. (e.g., entry for May 23, 2014 for 991 copies incurred a charge of $148.65; entry for September 10, 2014 for 324 copies incurred a charge of $48.60).  Plaintiffs fail to offer factual support for their objection.  The copying charges of $0.20 per page for in-house copies and $0.15 per page for outside vendor copying are reasonable.

Finally, Plaintiffs suggest that Defendants fail to establish that their copying costs were necessary instead of just for their own convenience and for that reason, the copying costs should be denied.  Plaintiffs' argument ignores the affirmative representation made by Defendants' counsel noted above that none of the copies were for counsel's personal use.

Defendants are awarded $1,743.15 for copying costs.

D.  Docket Fee

Section 1920(5) authorizes an award of costs for docket fees allowed under 28 U.S.C. 1923.  Section 1923(a) establishes nominal statutory fees to be awarded to a prevailing party, regardless of the actual costs the party may have incurred.  United States v. Orenic, 110 F.R.D. 584, 588 (W.D. Va. 1986).  The fees include $20 for trials or "final hearing" which includes the granting of a motion for summary judgment.  28 U.S.C. § 1923(a); Alexander v. Dorn, No. 03:11-cv-00102-ST, 2011 WL 7402974, at *1 (D. Or. Dec. 9, 2011), adopted in relevant part by J. Brown (D. Or. Feb. 21, 2012).

Based on their arguments discussed at the beginning of this Opinion, Plaintiffs argue that the docket fees should be denied. I disagree. Defendants are entitled to the $20 docket fee.

CONCLUSION

Defendants' Bill of Costs [65] is granted in the amount of $7,690.15.

IT IS SO ORDERED.

Dated this  15  day of  February , 2015

*Marco Hernández*

Marco A. Hernandez
United States District Judge

10 - OPINION & ORDER